

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00544-CV

_____

MAURICE FITZPATRICK JR., Appellant

V.

AUTOMOTIVE FINANCIAL GROUP, INC., AFG COMPANIES, INC.,
TRAVIS GATES, GENUINE LIFETIME, LLC, AND TYLER LUCK, Appellees

---

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-352249-24

---

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Maurice Fitzpatrick Jr., proceeding pro se, attempts to appeal the trial court's "ongoing failure to adjudicate his Motion to Intervene, filed on November 12, 2024[,] . . . and other related procedural violations and actions." This is Fitzpatrick's second attempt to appeal the trial court's "failure to rule on his [m]otion." *See Fitzpatrick v. AFG Cos., Inc.*, No. 02-25-00006-CV, 2025 WL 647339, at *1 (Tex. App.—Fort Worth Feb. 27, 2025, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because trial court had not signed any appealable orders or final judgments). As in the first appeal, Fitzpatrick's notice of appeal is premature. *See* Tex. R. App. P. 26.1(a), 27.1(a).

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing appealable interlocutory orders). Without a final judgment or an appealable interlocutory order, we lack jurisdiction over the appeal, and we must dismiss it. *See Lehmann*, 39 S.W.3d at 195, 200.

Here, there is no final judgment or appealable interlocutory order. On October 24, 2025, we notified Fitzpatrick of our concern that we lack jurisdiction over this appeal because it did not appear that the trial court had entered a final judgment or an appealable interlocutory order. We warned Fitzpatrick that we could dismiss this appeal for want of jurisdiction unless he or any party desiring to continue the appeal

filed a response by November 3, 2025, showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. Fitzpatrick did not file a response or furnish this court with an appealable order or final judgment, and the trial court clerk has confirmed that the trial court has not signed any orders or final judgments in this case.

Because there is no final judgment or order subject to appeal, we lack jurisdiction over this appeal. *See Lehmann*, 39 S.W.3d at 195, 200. Accordingly, we dismiss this appeal for want of jurisdiction.[1] *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: March 19, 2026

---

[1] On January 23, 2026, Appellees Automotive Financial Group, Inc. and AFG Companies, Inc. moved to dismiss this appeal for lack of jurisdiction. Given our disposition, the motion is granted. On February 5, 2026, Fitzpatrick filed "Appellant's Emergency Motion for Temporary Relief and Stay of Trial-Court Proceedings Pending Appeal." That motion is denied as moot.